IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL GINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TANVIR FARID A.K.A. TANVIR ISLAM, | § | |
| | § | |
| Defendant. | § | |

## EMERGENCY APPLICATION FOR RECOGNITION AND ENFORCEMENT OF A FOREIGN ORDER

Plaintiff Michael Ginn ("Plaintiff" or "Ginn") files this Emergency Application for Recognition and Enforcement of a Foreign Order, and in support thereof respectfully shows the Court as follows:

### PARTIES

1. Plaintiff is an individual residing in the Eastern District of Texas.

2. Defendant is an individual residing in Canada. Pursuant to Fed. R. Civ. P. 4(f)(1) and Article 10(b) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, to which the United States and Canada are both signatories, Defendant may be personally served with process at 320 Dixon Road, Apt. 2106, Toronto, ON, M9R 1S8, or wherever else he may be found. *See Marcus Food Co. v. Dipanfilo*, No. 09-1261-EFM, 2010 WL 3946314, at *3–4 (D. Kan. Oct. 5, 2010) (personal service of process on individuals residing in Canada is proper under Article 10(b) of the Hague Convention).

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the federal common law. *Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1976) ("a

cause of action 'arises under' federal law if the dispositive issues stated in the complaint require the application of the federal common law"); *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 929 (5th Cir. 1997) (court had federal question jurisdiction under the federal common law cause of action against air carriers for lost shipments); *Indus. Indem., Inc. v. Landrieu*, 615 F.2d 644, 647 (5th Cir. 1980) (court had federal question jurisdiction over plaintiff's demand for payment of construction retainages in part because it required the application of federal common law); *California v. BP p.l.c.*, 2018 WL 1064293, at *2 (N.D. Cal. Feb. 27, 2018) (court had federal question jurisdiction over plaintiffs' nuisance claims because they "address the national and international geophysical phenomenon of global warming" and therefore "are necessarily governed by federal common law."). Specifically, this Application arises under the federal common law principle of international comity. *See Mujica v. AirScan*, 771 F.3d 580, 597 (9th Cir. 2017) (noting that international comity is a federal common law doctrine); § 6:14. Existence of federal common law, 3 Cyc. of Federal Proc. § 6:14 (3d ed.) (same); Harold Hongju Koh, *Is International Law Really State Law?*, 111 HARV. L. REV. 1824, 1839 (1998) (same).

4.  Alternatively, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because this is an action between a Texas citizen and a subject of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs. The amount in controversy in this instance is measured by "the value of the object that is the subject matter of the action." § 3708 Amount in Controversy in Particular Cases—Proceedings for Injunctive and Declaratory Relief, 14AA Fed. Prac. & Proc. Juris. § 3708 (4th ed.). "[W]hen a person seeks an injunction or other form of specific relief . . . it is the value to the plaintiff to enjoy . . . the benefit of the conduct requested to be mandated that is the yardstick for measuring whether the amount in controversy requirement has been satisfied." *Id*. This Application requests recognition and enforcement of a

final and binding foreign order that orders that Plaintiff may take all reasonable actions to remove defamatory content and defamatory postings from the Internet.

5. Venue is proper in this district because Defendant is not a resident of the United States and, therefore, may be sued in any judicial district. 28 U.S.C. §§ 1391(c)(3). Alternatively, venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). Plaintiff resides in this district and the online defamatory postings have caused, and continue to cause, substantial harm to Plaintiff in this district. *See Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) (holding that in a defamation case, "a substantial part of the events giving rise to [the claim]" occur in the district where the plaintiff's reputation is injured).

6. Here, personal jurisdiction over Defendant is not required because he was domiciled in Canada when this action was instituted and this action concerns the recognition and enforcement of a final and binding foreign-country order. *Cf.* Tex. Civ. Prac. & Rem. Code § 36A.005(a)(2) ("A foreign-country judgment may not be refused recognition for lack of personal jurisdiction if . . . the defendant was domiciled in the foreign country when the proceeding was instituted . . . ."); *Society of Lloyd's v. Cohen*, 108 Fed. App'x 126, 128 (5th Cir. 2004); *Pure Fishing, Inc. v. Silver Star Co., Ltd.*, 202 F. Supp. 2d 905, 910 (N.D. Iowa 2002).

## BACKGROUND

7. On November 29, 2017, Ginn and other individuals (collectively, "the plaintiffs") filed a lawsuit against Defendant in the Ontario Canada Superior Court of Justice (the "Canadian Court") for defamation and copyright infringement (the "Canadian Lawsuit"). A true and correct file-marked copy of the Statement of Claim, or complaint, in the Canadian Lawsuit (without

exhibits) is attached as Exhibit A to the Declaration of Michael Ginn, Exhibit 1, which is submitted in support of this Application. (Ex. 1, Ginn Decl. ¶ 6).

8. Defendant Farid is the defendant in the Canadian Lawsuit.

9. The Canadian Lawsuit is styled Court File No. CV-17-587516 in the Ontario Superior Court of Justice, **Between**: Tracy Clancy, Brent Schreckengost, Monica Plata, Fahrin Jaffer, Jamal Raza, Jacques Conand, Mosfiqur (Mo) Rahman, Mira McDaniel, Talie Dang-Lu, Nicole Ceranna, Philip Cooksey, Marianna Gurovich, Daniel Christopher Koloski, Alvie Bert Kraatz Iii, Michael Montgomery, Nicole Palmer, Mary Celeste (Mc) Didone, David Lynn, Surya Panditi, Laura Leigh Schneider, Mari Sullivan, Meera Ganesh, Michael Remza, Javed Khan, Marjory Remy, Cassandra Long, Kirsten Hill, Ruba Borno, Paula Cao, Bobby Nanda, Ruchi Echevarria, Michael Ginn, Felicia Glace, Robyn Matos/Holland, Angela Barnes Coolidge, Colin Kincaid, Maciej Kranz, Marc Aldrich, Karthik Subramanian, Heather Vickers, Stacie Torello Wilk, Mary Catherine Hudson, Chad Alan Trout, Kathleen Noonan, Shauna Daly, Kevan Blanco, Miriam Drummond, Cheyenne Deverna, Christine Feng, Dan Grossman, Plaintiffs - **and** - Tanvir Farid a.k.a. Tanvir Islam. (*See* Ex. 1 at Ex. A).

10. The Canadian Lawsuit concerns numerous defamatory statements published on the Internet about the plaintiffs in that case (the "Defamatory Content"). This includes the most egregious form of defamatory meanings, including that the plaintiffs are pedophiles, child molesters, rapists, engage in the sex trade, sexually assault or harass others, have sexually transmitted diseases, commit adultery, are engaged in criminal activities, are sexually promiscuous, have engaged in fraud and/or misappropriation, and are racist, etc. Schedule A of Exhibit 2, submitted herewith, details some of the Defamatory Content as well as the URLs at which they are published (the "Defamatory Postings").

11.     As to Ginn, the Defamatory Content includes false and malevolent statements that he "moonlights as a male escort"; is a "man w***e" who "sells himself out to hordes of men looking for some succulent manly meat poles!"; is a "cheater"; and "was caught lying, cheating or stealing by a caughthimcheating.com anonymous reporter." (Ex. 2, Sch. A at pp. 100-103; Ex. 1, Ginn Decl. ¶¶ 8-9).

12.     The defamatory meanings attributed to these statements are untrue. For example, Ginn has not worked as a male prostitute or escort; he has not engaged in sexual acts for money; he has not committed adultery; he is not an online or sexual predator. The only true facts in the Defamatory Content concerning him are that he works at Cisco and resides in Texas. (Ex. 1, Ginn Decl. ¶ 10).

13.     Furthermore, when Ginn's name is searched on online search engines, the Defamatory Postings about him intermittently have appeared in the search results, often in the top ten results. Attached to the Ginn Declaration as Exhibit C is a true and correct copy of a print-out of the first page search results on www.google.com, when Ginn's name and "Cisco" are searched. The search results shown in Exhibit C to the Ginn Declaration are from a Google search performed on March 21, 2018. (Ex. 1, Ginn Decl. ¶ 11).

14.     Ginn has been advised by his wife that she has viewed and/or read some or all of the Defamatory Postings about him. (Ex. 1, Ginn Decl. ¶ 12).

15.     The Defamatory Postings have maliciously and intentionally defamed Ginn, and they have caused, and continue to cause, significant irreparable harm to his personal and professional reputations from which he may never recover. The Defamatory Postings have harmed his reputation, primarily in the Eastern District of Texas, where he resides. (Ex. 1, Ginn Decl. ¶¶ 11-14, 17-18).

16. The Defamatory Content would, without question, be considered defamatory under the laws of the United States. *See Schirle v. Sokudo USA, L.L.C.*, 484 Fed. App'x 893, 900 (5th Cir. 2012) ("Words are defamatory if they tend to harm a person's reputation."); *see also* Ex. 1, Ginn Decl. ¶¶ 10-14.

17. On or about December 11, 2017, the Canadian Court heard the plaintiffs' motion for relief, which requested an order for removal of the Defamatory Content from the Internet. (Ex. 2 at p. 1). Defendant appeared at the hearing in person. (*Id*. at 2).

18. On or about March 5, 2018, the Canadian Court issued, in its words, a "final and binding" order concerning the Defamatory Content and Defamatory Postings. The Canadian Order was entered by the Canadian Court on March 6, 2018 (the "Final And Binding Order," a copy of a certified copy[1] of which is attached hereto as Exhibit "2").[2]

19. At the hearing on the Order, Defendant advised the Canadian Court that he "does not oppose" the Final And Binding Order. (*Id*. at p. 2).

20. In the Final And Binding Order, the Canadian Court declared that the Defamatory Content "constitute false, salacious, outrageous and malevolent defamation" of the plaintiffs. (*Id.*).

21. The Canadian Court also ordered that the plaintiffs, including Ginn, may

   a. "take all reasonable actions to remove, or cause to be removed, the Defamatory Content and Defamatory Postings (as listed at Schedule "A" to this Order) from the Internet";

---

[1] Plaintiff stands ready to submit the certified copy of the Final And Binding Order at the appropriate time.
[2] While the Final and Binding Order does not dispose of all claims in the litigation, that does not prevent recognition. *See, e.g., Air-Products and Chemicals, Inc. v. Inter-Chemical, Ltd.*, No. Civ.A. 03-CV-6140, 2005 WL 196543, at *6 (E.D. Penn. Jan. 27, 2005) ("[A] judicial act need not be a final judgment to be granted comity."); *Remington Rand Corp.-Del. v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987) ("[J]udicial acts need not always be final judgments to be granted comity.").

      b.      "request that Internet search engines such as Google, Yahoo! and Bing remove from their search indices all of the URLs listed in Schedule "A" to this Order"; and

      c.      "take all reasonable actions to remove any and all additional webpages that reference, and/or hyperlink to, the Defamatory Content and/or the Defamatory Postings, including requesting removal from the Internet search engines Google, Yahoo!, and Bing, of all such webpages."

*Id.*

22.    The Defamatory Content that defames Ginn remains accessible on the Internet, and he continues to be significantly harmed and injured by its widespread availability. (*See* Ex. 2, Sch. A at pp. 100–103; Ex. 1, Ginn Decl. ¶¶ 8-14, 17-18). The Defamatory Postings have caused damages to Ginn that exceed $75,000, exclusive of interest and costs.

## ARGUMENT

23.    The doctrine of international comity dictates that the Court should recognize and enforce the Final And Binding Order. *See Siko Ventures Ltd. v. Argyll Equities, LLC*, No. SA-05-CA-100-OG, 2005 WL 2233205, at *1 (W.D. Tex. Aug. 5, 2005). "Under the principle of international comity, a domestic court normally will give effect to executive, legislative, and judicial acts of a foreign nation." *Air-Products and Chemicals, Inc. v. Inter-Chemical, Ltd.*, No. Civ.A. 03-CV-6140, 2005 WL 196543, at *6 (E.D. Penn. Jan. 27, 2005) (recognizing that it would be proper to recognize a foreign preliminary injunction under the doctrine of international comity).

24.    Provided the foreign court had jurisdiction and certain due process requirements were met, a court has the authority to recognize a foreign order. The Supreme Court articulated the following conditions precedent to recognition of a foreign order:

      a.    opportunity for a full and fair trial abroad before a court of competent jurisdiction;

      b.    conducting the trial upon regular proceedings;

      c.    after due citation or voluntary appearance of the defendant;

      d.    under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries;

      e.    and there is nothing to show either prejudice in the court, or in the system of laws under which it was sitting, or fraud in procuring the judgment.

*Hilton v. Guyot*, 159 U.S. 113, 202 (1895).

25. If these conditions are met, "a decree rendered in a foreign nation which orders or enjoins the doing of an act will be enforced in this country provided that such enforcement is necessary to effectuate the decree and will not impose an undue burden upon the American court and provided further that in the view of the American court the decree is consistent with fundamental principles of justice and of good morals." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 102 cmt. g (1971).

26. In accordance with this standard, courts have recognized decrees that order or enjoin the doing of an act rendered in foreign courts. *See, e.g.*, *Siko*, 2005 WL 2233205, at *2; *Cardenas v. Solis*, 570 So.2d 996, 999 (Fla. App. 1990); *see also Air-Products and Chemicals*, 2005 WL 196543, at *7 ("[T]he Restatement (Second) of Conflict of Laws states that the principle of international comity should not be limited to monetary awards.").

27. In this case, the conditions precedent to recognition have been satisfied. *See Hilton*, 159 U.S. at 202. Namely, the Canadian Court had subject matter jurisdiction over the plaintiffs'

claims and personal jurisdiction over Defendant, Defendant was timely and properly served with process in the Canadian Lawsuit, the Canadian Court was unbiased, a hearing was held, and Defendant, who appeared in person, had the opportunity to present any defenses with respect to this issue and elected not to. *See id.*

28. With respect to the standard set forth in Section 102 of the Restatement (Conflict of Laws), the Final And Binding Order explicitly states, the "Plaintiffs [including Ginn] wish to take enforcement proceedings of this Order in foreign jurisdictions." (Ex. 2 at p. 2). Accordingly, enforcement of the Final And Binding Order in the United States, where the Defamatory Content continues to be posted on the Internet, and continues to injure Ginn in this district, is undeniably "necessary to effectuate the decree." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 102 cmt. g (1971).

29. Moreover, it would be "consistent with fundamental principles of justice and good morals" for the Court to enforce the Final And Binding Order. *See id.* Importantly, Defendant advised the Canadian Court that he "does not oppose" the Final And Binding Order, and did so knowing the plaintiffs would seek enforcement in the United States. (Ex. 2 at p. 2).

30. Additionally, given the continuing nature of the Defamatory Postings, and the consequentially and undeniably egregious harm this content perpetrates on Ginn – *on a daily basis* – it is imperative that Ginn be entitled to swift action. (*See* Ex. 1, Ginn Decl. ¶¶ 8-14, 17-18). The Court should recognize the Final And Binding Order and effectuate the terms of the Canadian Court's order, so that Ginn may attempt to limit further damage to his reputation. (*See* Ex. 2 at p. 2; Ex. 1, Ginn Decl. ¶¶ 8-14, 17-18); *see also Interphase Garment Solutions, LLC v. Fox Television Stations, Inc.*, 566 F. Supp. 2d 460, 464 (D. Md. 2008) (reasoning that "[a] defamation claim is complete when the allegedly defamatory statement is broadcast because the injury to reputation is

immediate.") (emphasis added); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08cv0442(DLC), 2016 WL 815205, at *10 (S.D.N.Y. Feb. 29, 2016) (finding online defamatory statements entitled plaintiff to injunctive relief in part "[b]ecause comments posted on the internet will have a lasting impact on [plaintiff's] reputation . . . ."). The relief requested in this Application will aid Ginn in this endeavor because some U.S. search engine companies require the domestication of a foreign order before they will act.

31. Therefore, the Court should recognize and enforce the Final And Binding Order.

## REQUEST FOR EXPEDITED CONSIDERATION

Because of the continuing, daily harm suffered by Plaintiff Ginn as the Defamatory Postings continue to exist on the Internet, Ginn requests that the Court expedite consideration of this Application. As set forth above, Plaintiff does not believe a hearing is necessary, as Defendant was provided a full and fair opportunity to be heard in the Canadian Court; in fact, appeared at the hearing during which the Final And Binding Order was addressed; in fact, stated at the hearing that "he does not oppose" entry of the Final And Binding Order; and was, at the hearing, made fully aware that the plaintiffs in the Canadian Lawsuit (including Ginn) "wish to take enforcement proceedings of this Order in foreign jurisdictions." (Ex. 2 at p. 2). However, in the event the Court desires a hearing on this Application, Plaintiff requests that such hearing be set on an expedited basis.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Michael Ginn prays that the Court recognize and enforce the Final And Binding Order, and that he obtain further relief at law or in equity.

Respectfully submitted,

**JACKSON WALKER LLP**

By: */s/ Charles L. Babcock*
Charles L. "Chip" Babcock
State Bar No. 01479500
David T. Moran
State Bar No. 14419400
Carl C. Butzer
State Bar No. 03545900

2323 Ross Ave., Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 - Fax
Email: cbabcock@jw.com
Email: dmoran@jw.com
Email: cbutzer@jw.com

**ATTORNEYS FOR PLAINTIFF MICHAEL GINN**

20259694